IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GUADALUPE P. RAMIREZ,          )
ID # 04045493,                )
       Plaintiff,          )
vs.                           )          No. 3:04-CV-2646-N
                              )
KATHRYN FLANGIN,              )
       Defendant.          )

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

In December 2004, plaintiff, a state inmate currently incarcerated in the Dallas County Jail, filed a civil complaint against Kathryn Flangin. No process has been issued in this case. On January 19, 2005, the Court issued a Notice of Deficiency and Order wherein it notified plaintiff that he had not submitted the required inmate account certificate. It granted him twenty days to cure the deficiency and warned him that the failure to do so would result in a recommendation that this action be dismissed for failure to prosecute. Plaintiff thereafter submitted a "Financial History Report" that lists expenditures and deposits related to his inmate trust account. On March 9, 2005, the Court informed plaintiff that such submission did not cure the deficiency noted in the January 19, 2005, Notice of Deficiency and Order. It granted him another twenty days to cure the deficiency or pay the requisite filing fee and warned him that the failure to do so would result in a recommendation

that this action be dismissed for failure to prosecute or comply with a court order.  To date, plaintiff has filed nothing further in this case.  Nor has he paid the requisite filing fee.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff has failed to comply with the Order of March 9, 2005, that he submit the required certificate of inmate trust account  within twenty days.  He has also not paid the filing fee in this action.  Such failures indicate that he has no current intention to proceed with this case.  Accordingly, the Court should dismiss his complaint.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 5th day of May, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3